# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JAMES ADAMS,<br>    Plaintiff, | Case No. 1:20-cv-601 |
| vs. | McFarland, J.<br>Bowman, M.J. |
| HAMILTON COUNTY<br>JUSTICE CENTER, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Hamilton County Justice Center, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against defendants Hamilton County Justice Center (HCJC), Naphcare Medical Services, and unidentified HCJC nurses.[1] (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28

---

[1] As indicated below, plaintiff refers to some of the unidentified HCJC nurses in the complaint only by their first names.

U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that the defendants have deprived him access to seizure medication that he has regularly taken for the last twenty years. (Doc. 1 at PageID 5). Specifically, plaintiff claims that he suffered a seizure on June 20, 2020, that he is allergic to the seizure medication initially provided to him by the jail, and that the medication made him ill. (*Id.*). According to plaintiff, after he informed an HCJC nurse of his symptoms, his prescription was changed to Neurontin, a seizure medication plaintiff had been taking for twenty years. (*Id.*). Weeks later, plaintiff claims he accidentally received a "double dose" of Neurontin in one day. (*Id.*). Plaintiff alleges that this angered Nurse Lexi and other HCJC medical staff, who he claims withheld all seizure medication for four days, before placing him on the initial medication to which he is allergic. (*Id.*). Plaintiff further alleges that during this time Nurse Lexi also had another officer write a false conduct report against him for reporting chest pains and made fun of his deceased family members. (*Id.* at PageID 9). According to plaintiff, he is still being

denied his seizure medication. (*Id.*).

For relief, plaintiff seeks monetary damages. (*See id.* at PageID 6).

Liberally construed, plaintiff's complaint states an Eighth Amendment claim of deliberate indifference to his serious medical needs against the unidentified HCJC nurses. *See Farmer v. Brennan,* 511 U.S. 825 (1994). At this stage in the proceedings, without the benefit of briefing by the parties, the undersigned concludes that this claim may proceed out of an abundance of caution. However, for the reasons stated below, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, any claim against an individual defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damages suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663. A suit against defendants in their official capacities would be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). See also *Colvin v. Caruso*,

4

605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.,* 574 F.3d 334, 344 (6th Cir. 2009)). Therefore, the individual defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

The complaint should also be dismissed against defendant HCJC. To state a claim under § 1983, plaintiff must assert that "a person" acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. A county jail is not a "person" within the meaning of § 1983. *See*, e.g., *Marbry v. Corr. Med. Services*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cty. Justice Ctr.,* No. 1:09cv398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), adopted, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (Barrett, J.). Therefore, defendant HCJC should be dismissed as a party to this action.

Plaintiff's claims against Naphcare are also subject to dismissal. While private entities that contract with a state to perform traditional state functions can be liable under § 1983 as acting under "color of state law," a private entity is liable only to the extent that the unlawful conduct of its employee was done pursuant to an official custom or policy that caused the constitutional violation in question. *Nauroth v. Southern Health Partners*, Inc., No. 1:07–539, 2009 WL 3063404, at *10 (S.D. Ohio Sept. 21, 2009) (Dlott, J.) (citing *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (citing *West v. Atkins*, 487 U.S. 42, 54 (1988)). Private entities such as Naphcare cannot be held liable for the actions of its employees on a § 1983 claim pursuant to a theory of respondeat superior or vicarious liability. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012). Instead, when liability is based on a policy or custom, the unlawful policy or custom must have been the moving force behind the constitutional violation. *Monell* 436 U.S. at 694. In

this case, plaintiff fails to allege any facts suggesting that the alleged unlawful conduct was done pursuant to a particular policy or custom of Naphcare. Accordingly, plaintiff's claims against Naphcare should be dismissed.

Finally, to the extent that plaintiff seeks to hold any defendant liable based on the issuance of false conduct reports or for insults, these claims must also be dismissed.

Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Reeves, supra*, 2012 WL 275166, at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). Plaintiff's allegation that Nurse Lexi had a false conduct report issued against him is insufficient to trigger constitutional concerns in this case because plaintiff has not alleged any facts even remotely suggesting that the resulting disciplinary action deprived him of a protected liberty interest.[2]

With respect to his allegations that defendants verbally harassed or insulted him, plaintiff fails to state a viable claim under § 1983. It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support

---

[2] To the extent that plaintiff intends to bring a First Amendment retaliation claim in the complaint, he has failed to allege that he engaged in protected conduct or that the actions of any defendant were motivated by protected conduct. *See Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)).

a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein).

Accordingly, in sum, plaintiff's claims against defendants HCJC, Naphcare, and all defendants in their official capacities should be dismissed for failure to state a claim upon which relief may be granted. Out of an abundance of caution, plaintiff may proceed with his Eighth Amendment deliberate indifference claim against the unidentified HCJC nurses in their individual capacities.

If the above recommendation is adopted to dismiss all of the named defendants from this lawsuit, only the unidentified HCJC nurses will remain. Under these circumstances, dismissal of the unidentified defendants is not proper, but rather plaintiff should be given the opportunity to do limited discovery in order to identify the names of these defendants. As explained by the Court:

> Although designation of a "John Doe" or "unknown" defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery. *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985) (unpublished), 1985 WL 13614, citing *Schiff v. Kennedy*, 691 F.2d 196 (4th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *Maclin v. Paulson*, 627 F.2d 83 (7th Cir. 1980). *In accord Downie v. City of Middleburg Hts.,* 76 F. Supp.2d 794, 801 n. 5 (N.D. Ohio 1999). The Federal Rules of Civil Procedure do not require the Court to dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint. Rather, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642; *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

*Robinson v. Doe,* No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009). Under the circumstances of this case, it is appropriate to permit service of the complaint on a high-ranking official who could identify the unidentified defendants through discovery. *See Mosby v. Doe,* No. 08-cv-677, 2009 WL 192502, at *1 (W.D. Wis. Jan. 27, 2009). As the Hamilton County Sheriff is in a position to know or determine the names of the medical staff members responsible for plaintiff's medical care, the Court shall order service of the summons and complaint on defendant Hamilton County Sheriff for this limited purpose only. Once plaintiff discovers the names of the unidentified defendants, he will be required to amend his complaint to identify them and the Hamilton County Sheriff will be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment claim against the unidentified HCJC nurses in their individual capacities.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, and this order upon defendant Hamilton County Sheriff. All costs of service shall be advanced by the United States. Plaintiff shall be granted leave to proceed against defendant Hamilton County Sheriff solely for the purpose of determining the identities of the Hamilton County Justice Center Jane and John Doe staff members responsible for plaintiff's medical care.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the

8

clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

    3.   Plaintiff shall inform the Court promptly of any changes in plaintiff's address which may occur during the pendency of this lawsuit.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES ADAMS,  
    Plaintiff,

vs.

HAMILTON COUNTY  
JUSTICE CENTER, et al.,

Case No. 1:20-cv-601

McFarland, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).