## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JAMES ADAMS,                 :    Case No. 1:20-cv-601
                                    :
        Plaintiff,             :
                                    :
                                    :    District Judge Matthew W. McFarland
vs.                                    :    Magistrate Judge Peter B. Silvain, Jr.
                                    :
HAMILTON COUNTY JUSTICE      :
CENTER, *et al.*,              :
                                    :
        Defendants.         :

## REPORT AND RECOMMENDATIONS[1]

On February 18, 2022, mail sent to Plaintiff was returned as undeliverable.  (Doc. #s 11-12).   On October 5, 2022, the undersigned issued an Order, informing Plaintiff that he "has an affirmative duty to notify the Court of any change in address."  (Doc. #13, *PageID* #82) (citations omitted).  Plaintiff was further advised that "failure to promptly notify the Court of any changes in address may demonstrate a party's failure to prosecute and may lead to the dismissal of a complaint on that basis." *Id*. (citations omitted).  The undersigned then ordered Plaintiff to provide the Court with an updated address within 14 days of its October 5, 2022 Order. *Id*.

When Plaintiff failed to comply with this Order, the undersigned issued an Order to Show Cause, reminding Plaintiff yet again of his duty to immediately inform the Court and counsel of any changes to his mailing address and/or telephone number and that failure to do so could result in dismissal of his case. (Doc. #15).  The undersigned then ordered Plaintiff to show cause in writing and on or before **November 4, 2022**, as to why this case should not be dismissed for failure

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

to prosecute as a result of his failure to timely notify the Court and counsel of a change in his address. *Id.*

Despite these warnings, Plaintiff has neither responded to the Court's Order to Show Cause nor updated his mailing address, and the time for doing so has now expired. Accordingly, the undersigned recommends this case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

**IT IS THEREFORE RECOMMENDED THAT**:

1.      The case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute; and

2.      The case be terminated on the Court's docket.

November 8, 2022                                    *s/Peter B. Silvain, Jr.*
                                                    Peter B. Silvain, Jr.
                                                    United States Magistrate Judge

2

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

3